IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Modesta Brinkman, David Brinkman, James Coleman, Carl Foster, Karen Foster, Robert Collins, Pamela Collins, <br><br> Plaintiffs, <br><br> vs. <br><br> Weston & Sampson, Inc., Weston & Sampson Engineers, Inc., Weston & Sampson Services, Inc., Weston & Sampson CMR, Inc., City of Columbia, SC, North American Pipeline Management, Layne Inliner, and Robert Horner, P.E., <br><br> Defendants. | C/A No. 3:16-cv-169-JFA <br><br><br><br><br> **ORDER** |

## I.    Introduction

This matter is before the Court on Plaintiffs' motion to remand, Defendant Weston & Sampson, Inc.'s ("W&S") motion to dismiss for lack of personal jurisdiction and failure to state a claim pursuant to Rules 12(b)(2) and (6), and Defendants W&S, Weston and Sampson Engineers, Inc. ("Engineers"), Weston and Sampson Services, Inc. ("Services"), Weston and Sampson CMR, Inc. ("CMR"), and Robert Horner, P.E.'s ("Horner") motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6).  (ECF No. 8, 31). These motions have been fully briefed, and the Court held oral argument on the afternoon of March 29, 2016. For the following reasons, the Court remands this action to back to the South Carolina Court of Common Pleas of Richland County.

## II.    Factual and Procedural History

This action was initially filed in Circuit Court of Richland County by seven property owners along Castle Road near the Broad River. Their claims relate to work performed on a City easement running through their property. The Plaintiffs' allege that the Defendants constructed a road on the easement. Their claim is that the construction exceeded the scope of the easement and was a violation of their property rights.

Specifically, Plaintiffs' allege that the Weston Defendants recommended to the City of Columbia ("the City") that a road be constructed on the easement for purposes of inspecting and repairing the City's sewer line. Further, Plaintiffs' allege that the City, Layne Inliner, LLC ("Layne"), and North American Pipeline Management, LLC ("NAPM") built the road. As damages, Plaintiffs claim that a historic bridge abutment was destroyed and that the slope created by the construction resulted in soil erosion and slumping.

Plaintiffs maintain a variety of causes of action including: trespass, gross negligence, nuisance, destruction of archeological structures, two takings claims, negligence per se, and negligence. Layne, with consent of all Defendants, timely removed the case pursuant 28 U.S.C. § 1331, citing the two takings claims as arising under the Constitution. The Weston Defendants filed a motion to dismiss. ECF No. 8. Plaintiffs moved to remand. ECF No. 31.

## III.    Legal Standard

Federal courts are courts of limited jurisdiction and, as such, may only hear and decide cases when given the authority to do so by the United States Constitution and by federal statute. *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998).

The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. §1331. "[T]he question whether a claim 'arises under' federal law must be determined by reference to the 'well-pleaded complaint.'" *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citing *Franchise Tax Bd. Of State of Cal. V. Constr. Laborers Vacation Trust for S. California*, 463 U.S. 1, 9–10 (1983)). "Since a defendant may remove a case only if the claim could have been brought in federal court, 28 U.S.C. § 1441(b), moreover, the question for removal jurisdiction must also be determined by reference to the 'well-pleaded complaint.'" *Id.*

Under 28 U.S.C. § 1447(c), this court must remand the case to the state courts "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." It is well established that the defendant, as the party seeking removal, bears the burden of proving that federal jurisdiction is proper. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936).

Additionally, the removal statutes are to be strictly construed against removal, and all doubts should be resolved in favor of remand. *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987). When ruling on whether an action should be remanded to the state court from which it was removed, the district court must focus on the plaintiff's complaint at the time the petition for removal was filed. *Id.* In so ruling, the district court must assume as true all factual allegations of the complaint. *Id.*

3

## V.     Discussion

Plaintiffs moved to remand on the basis that "State Courts are in a better position to adjudicate zoning and land use issues and taking claims are questions of State Law rather than Federal law [sic]." ECF No. 31 p. 1-2. Further, Plaintiffs allege that pursuant to *Williamson Cty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985), their takings claims are unripe. *Id*. Finally, Plaintiff's oppose supplemental jurisdiction regarding the state law claims on the grounds that "State Courts are better positioned to adjudicate State property laws and State laws pertaining to archeological structures [sic]." *Id*.

Defendants[1] contend that subject matter jurisdiction is proper because: (1) Plaintiffs' well-pleaded complaint includes a claim arising under the Constitution; (2) the takings claim is ripe and the *Williamson* decision is inapplicable; and (3) supplemental jurisdiction is proper because the state law claims arise out of the same case or controversy as the takings claims.

For the following reason, the Court finds that this case is not ripe pursuant to *Williamson County*.

### A.     Williamson County v. Hamilton Bank of Johnson City

In *Williamson County*, the Supreme Court established what has become known as the "state-litigation requirement." 473 U.S. 172 (1985). Under this doctrine, takings claims based on the application of a government regulation are not ripe until the government entity charged with implementing the regulation at issue has reached a final decision regarding the application of the regulation. *See Id.*

---

[1] The briefing of this issue has been joined by all Defendants.

Specifically, the Supreme Court outlined two prerequisites to a federal suit alleging a Fifth Amendment taking of a property interest. *Id*. A federal suit is not timely until a plaintiff demonstrates: (1) that "the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue" (the "final decision requirement"); and (2) that the plaintiff sought (and was denied) just compensation by means of an adequate state procedure (the "state action requirement"). *Id*. at 186, 194-95.; *see also Pascoag Reservoir & Dam, LLC v. Rhode Island*, 337 F.3d 87, 91 (1st Cir. 2003). Thus, "*Williamson County* stands 'for the proposition that there is no uncompensated taking-that is, nothing to litigate under § 1983-until the state has established (a) what it has taken, and (b) its refusal to pay just compensation.'" *Pascoag Reservior* at 91 (quoting *SGB Fin. Servs., Inc. v. Consol. City of Indianapolis-Marion County, Ind.*, 235 F.3d 1036, 1038 (7th Cir.2000)); *see also Holliday Amusement Co. of Charleston v. S. Carolina*, 493 F.3d 404, 406 (4th Cir. 2007).

While *Williamson County* was a *regulatory* taking case, a modified version of its timeliness analysis applies equally to *physical* taking cases. *Daniel v. County of Santa Barbara*, 288 F.3d 375, 382 (9th Cir. 2002). In a physical taking case, the final decision requirement is relieved or assumed because "[w]here there has been a physical invasion, the taking occurs at once, and nothing the [governmental actor] can do or say after that point will change that fact." *See e.g.*, *Hall v. City of Santa Barbara*, 833 F.2d 1270, 1281 n. 28 (9th Cir. 1987); *Pascoag Reservoir,* 337 F.3d 87 (noting final decision requirement satisfied in dispute about state's adverse possession of private property); *Arnett v. Myers*, 281 F.3d 552, 563 (6th Cir. 2002) (finding final decision requirement satisfied because decision maker "arrived at a definitive position inflicting an actual, concrete injury when its agents removed and destroyed" plaintiff's alleged property); *Forseth v.*

5

*Village of Sussex*, 199 F.3d 363, 372 n. 12 (7th Cir. 2000) (finding physical taking claim subject only to *Williamson County's* state action requirement). Importantly, the state action requirement remains in physical taking cases. *Pascoag Reservoir* at 91-91.

In this case, Plaintiffs' claims constitute a physical taking because they allege the Defendants physically invaded their property and caused damage therein.[2] Thus, the first prong of *Williamson County*, the final decision requirement, is assumed, and this Court must look directly to the second prong, the state action requirement.

### B.     The State Action Requirement

"[I]f a state provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation." *Williamson County*, 473 U.S. at 195. "'[B]ecause the Fifth Amendment proscribes takings without just compensation, no constitutional violation occurs until just compensation has been denied.'" *Gilbert v. City of Cambridge*, 932 F.2d 51, 63 (1st Cir.1991) (quoting *Williamson County*, 473 U.S. at 194 n. 13); *accord Gamble v. Eau Claire County*, 5 F.3d 285, 286 (7th Cir.1993) (stating that a litigant must "exhaust[ ] his remedies for obtaining a compensation award or equivalent relief from the state" because "the right protected by the duty of just compensation is not to the land or its use but merely to the market value of what is taken"). Thus, "the state's action ... is not 'complete' until the state fails to provide adequate compensation for the taking." *Williamson County*, 473 U.S. at 195.

---

[2] In their briefing, the parties rely heavily on *Sansotta v. Town of Nags Head*, 724 F.3d 533 (4th Cir. 2013) and *Bauknight v. Monroe Cty. Florida*, 446 F.3d 1327 (11th Cir. 2006) – both cases involve regulatory rather than physical takings.

Accordingly, in this case, if South Carolina "provides an adequate process for obtaining compensation, and resort to that process holds out some realistic promise of yielding just compensation," Plaintiffs may not seek compensation in federal court for the alleged taking without first resorting to the state process. *See Gilbert*, 932 F.2d at 63. Thus, this Court must look to South Carolina law to determine whether the state has such a process.

### C.     South Carolina Law

"[P]rivate property shall not be taken ... for public use without just compensation being first made therefor." S.C. Const. Art. I, § 17. "Any action on the part of the State which takes or damages property for public use, deprives a landowner of its full use and is a taking as contemplated by the constitution." *South Carolina State Highway Dep't v. Moody*, 226 S.E.2d 423, 425 (S.C. 1976). "If an independent contractor, in constructing a road or improving the same, trespasses beyond the right-of-way and causes damages to a landowner, relief to the landowner is available by way of a common law action for damages." *Id.* This is referred to as "inverse condemnation." *Id.*

To establish an inverse condemnation, a plaintiff must show: (1) an affirmative, positive, aggressive act on the part of the governmental agency, (2) a taking, (3) the taking is for a public use, and (4) the taking has some degree of permanence. *Mowrer v. Charleston Cty. Park & Recreation Comm'n*, 605 S.E.2d 563, 565 (S.C. Ct. App. 2004); *Marietta Garage, Inc. v. South Carolina Dep't of Pub. Safety*, 572 S.E.2d 306, 308 (S.C. Ct. App. 2002); *Gray v. South Carolina Dep't of Highways & Pub. Transp.*, 427 S.E.2d 899, 902 (S.C. Ct. App. 1992).

Inverse condemnation is the constitutional equivalent of eminent domain. *Cobb v. S.C. Dep't of Transp.*, 618 S.E.2d 299, 301 (S.C. 2005) As the South Carolina Supreme Court explained:

> In eminent domain proceedings, a *governmental entity* is the moving party seeking to take property in exchange for compensation. In inverse condemnation cases, the *property owner* is the moving party claiming an act of the sovereign has damaged his property to the extent of an actual taking entitling him to compensation.

*Id.* (emphasis added). Thus, the two actions are treated alike under the takings clause of the State Constitution.[3] *Id.*; *see also Spradley v. South Carolina State Hwy. Dep't*, 182 S.E.2d 735 (S.C. 1971); *South Carolina State Hwy. Dep't v. Moody*, *supra*; *King v. South Carolina State Hwy. Dep't*, 149 S.E.2d 64 (S.C. 1966); *Milhous v. State Hwy. Dep't*, 8 S.E.2d 852 (S.C. 1940); *Chick Springs Water Co. v. State Hwy. Dep't*, 157 S.E. 842 (S.C. 1931).

## D.    Ripeness

South Carolina's inverse condemnation theory provides an adequate process through which Plaintiff's may seek compensation for a physical taking. Because the state has not yet denied compensation to Plaintiffs under that theory,[4] the state's action is not "complete." Thus, here, the state action requirement of *Williamson County* is not met.

Accordingly, Plaintiffs takings claims are unripe in federal court.

---

[3] At oral argument, Plaintiffs' counsel argued that the South Carolina Eminent Domain Procedure Act, S.C. Code Ann. § 28-2-10 *et. seq.*, provided a process sufficient for *Williamson County*. However, while treated constitutionally alike, a common law inverse condemnation action is separate and distinct from a statutory eminent domain condemnation action. *See South Carolina State Hwy. Dep't v. Moody, supra.*

[4] Plaintiffs failed to include this cause of action in their pleadings. It is available to them nonetheless.

## VI.     Conclusion

It is hereby ordered that Plaintiffs' Motion to Remand (ECF No. 31) is **GRANTED**, and this action is **REMANDED** to the Circuit Court of Richland County. Moreover, the Motion to Dismiss (ECF No. 8) is rendered **MOOT**.

**IT IS SO ORDERED.**

March 31, 2016                                              Joseph F. Anderson, Jr.
Columbia, South Carolina                          United States District Judge